UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

J.H.                                                CIVIL ACTION NO. 6:15-CV-02525

VERSUS                                              JUDGE HICKS

MICHAEL W. NEUSTROM, Individually    MAGISTRATE JUDGE HANNA
and in his official capacity as the duly
elected SHERIFF OF LAFAYETTE
PARISH, ET AL.

## <u>REPORT  AND  RECOMMENDATION</u>

Currently pending is the motion to dismiss the plaintiff's complaint under Fed.
R. Civ. P. 12(b)(6) and motion to strike claims and allegations under Fed. R. Civ. P.
12(f) (Rec. Doc. 39), which was filed by defendants Michael W. Neustrom,
individually and in his official capacity as the Sheriff of Lafayette Parish, Louisiana;
Rob Reardon, individually and in his official capacity as the Lafayette Parish
Sheriff's Office's Director of Corrections; and Deputy Lawrence Willis, individually
and in his official capacity as a deputy sheriff for the Lafayette Parish Sheriff's
Office.  The motion, which is opposed, was referred to the undersigned Magistrate
Judge for review, report, and recommendations in accordance with the provisions of
28 U.S.C. § 636 and the standing orders of the Court.  Considering the evidence, the
laws, and the arguments of the parties, and for the reasons fully explained below, it
is recommended that the motion be granted in part and denied in part.

**Background**

In response to the plaintiff's original complaint, two motions to dismiss (Rec. Docs. 10 & 12) were filed.  After the hearing on May 24, 2016, ruling on the motions was deferred, the plaintiff was ordered to amend his complaint, and the movants were given an opportunity to amend, withdraw, or proceed with the motions following review of the amended complaint.  (Rec. Doc. 22).  The plaintiff filed his amended complaint.  (Rec. Doc. 25).  Neustrom, Reardon, and Willis then moved to have their original motion (Rec. Doc. 10) withdrawn, and the motion was granted.  (Rec. Doc. 33).  Neustrom, Reardon, and Willis then filed the instant motion.

According to the amended complaint, J.H. was incarcerated at the Lafayette Parish Correctional Center on October 24, 2014 and assigned to cell 4D-02B.  He alleged that the housing unit was locked down for the evening without the staff physically identifying or taking a proper roll call of the prisoners.  His official cell mate allegedly slept in another cell.  At about 11:00 p.m., four other prisoners allegedly entered his cell and demanded that he perform oral sex.  The plaintiff allegedly refused, and the attackers backed down, but only after they allegedly assaulted and battered the plaintiff repeatedly.  The plaintiff pressed the emergency call button in his cell, but jail staff allegedly did not respond.  The next morning, J.H. was taken to the medical unit for treatment of his injuries, which allegedly included

-2-

a black eye.  He also requested relocation to another unit, and the request was granted.  Although he was able to identify his attackers, he alleged that no steps were taken to investigate the incident.  The plaintiff attributes his injuries to policies implemented by the defendants.  Neustrom, Reardon, and Willis now seek to have certain of the claims against them dismissed and to have certain allegations stricken from the amended complaint.  Although there are other defendants in the suit, Neustrom, Reardon, and Willis will be referred to hereinafter in this report and recommendation as "the Defendants."

LAW AND ANALYSIS

## I.      THE MOTION TO STRIKE

The Defendants seek to strike Paragraphs 25, 26, 87 through 127, and 132 through 140 of the plaintiff's amended complaint (Rec. Doc. 25).

## A.      THE STANDARD FOR REVIEWING A RULE 12(F) MOTION

Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The court may do so in response to a party's motion or on its own motion.[1]  Deciding whether to strike all or a portion of a pleading lies within the

---

[1]      Fed. R. Civ. P. 12(f).

court's discretion.[2]  A motion to strike under Rule 12(f) "is a drastic remedy to be

resorted to only when required for the purposes of justice."[3]  Accordingly, Rule 12(f)

motions to strike are viewed with disfavor, and are infrequently granted.[4]

Redundant matter consists of allegations that constitute a needless repetition

of other averments in the pleading.[5]  Immaterial matter is that which has no essential

or important relationship to the claim for relief or the defenses being pleaded.[6]

Immateriality is established by showing that the challenged allegations "can have no

possible bearing upon the subject matter of the litigation."[7]  Impertinent matter

consists of statements that do not pertain, and are not necessary, to the issues in

question; while scandalous matter is that which improperly casts a derogatory light

---

[2]     *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)).  See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[3]     *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[4]     *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Federal Practice & Procedure, Third Edition, § 1380.

[5]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[6]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[7]     *Bayou Fleet Partnership, LLC v. St. Charles Parish*, No. 10–1557, 2011 WL 2680686, at *5 (E.D. La. July 8, 2011).

-4-

on someone, most typically on a party to the action.[8]  "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available."[9]  Therefore, a motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit."[10]

## B.   RESOLUTION OF THE MOTION TO STRIKE

The Defendants seek to have the allegations set forth in Paragraphs 25, 26, 87 through 127, and 132 through 140 stricken on the basis that they are either redundant, immaterial, impertinent, and/or scandalous.  They argue that the allegations set forth in these paragraphs are scandalous because they "cast the Lafayette Parish Sheriff's Office, including former Sheriff Neustrom, in a derogatory light and are not essential to nor pertain [to] the factual allegations asserted by plaintiff."  (Rec. Doc. 39-2 at 19).  This Court finds, however, that none of the information set forth in the amended complaint is sufficiently scandalous to require that it be stricken.

---

[8]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[9]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[10]    *Eubanks v. Jordan*, No. 05–1532, 2006 WL 1476111, at *1 (W.D. La. May 26, 2006).

The defendants also object to the allegations set forth in these paragraphs on the basis that the original complaint was not sufficiently edited when amended.  The defendants object to the allegations concerning inadequate staffing of the jail as being conclusory in nature and lacking in a factual foundation; they object to the general allegations concerning the history of the jail; they object to the assertions concerning the jail's locks in 2007 (eight years prior to the incident on which this lawsuit is based); and they and object to the inclusion of statistical data from 2011 (four years before the incident).  The defendants argue that "[t]hese allegations have no essential or important relationship and do not pertain to the claim for relief or the defenses being pleaded by plaintiff and should be stricken."  (Rec. Doc. 39-2 at 20).

Paragraphs 25 and 26 of the amended complaint refer to the Telmate system used to report medical problems and inmate grievances.  The plaintiff alleged that an inmate using this system is not afforded privacy, implying that the lack of privacy results in fewer problems or grievances being reported.  This Court finds that the allegations in these two paragraphs are totally unrelated to the plaintiff's claims that he was assaulted and battered by other prisoners and that the defendants failed to investigate those claims.  Since the defendants knew about the incident the morning after it occurred, it is immaterial whether the plaintiff did or did not report it through Telmate.  This Court therefore recommends that Paragraphs 25 and 26 be stricken

from the amended complaint because the allegations they contain are immaterial to the plaintiff's claims.

The remaining paragraphs sought to be stricken by the defendants relate to the plaintiff's claims of faulty locking mechanisms and the Defendants' alleged failure to protect the plaintiff while he was incarcerated due to a failure to repair the locks, understaffing of jail personnel, overcrowding of jail inmates, and improper use of the jail facility.  Paragraphs 103 through 108 refer to a specific incident in which two inmates allegedly escaped from the jail in 2012.  This Court finds that their escape is unrelated to the incident in which the plaintiff was allegedly injured, and recommends that Paragraphs 102 through 108 should be stricken from the amended complaint.

Although there is some redundancy in the amended complaint and in the paragraphs identified by the Defendants, this Court finds that the remaining paragraphs identified by the Defendants set forth information that is sufficiently material to the plaintiff's claims that these paragraphs need not be stricken.

To reiterate, this Court recommends that Paragraphs 25, 26, and 102 through 108 be stricken from the amended complaint.

## II.   THE MOTION TO DISMISS

The Defendants seek the dismissal of several claims set forth in the amended complaint.  More particularly, they seek dismissal of the individual capacity claims

-7-

against Neustrom, Reardon, Willis, and Doe; the official capacity claims against Reardon, Willis, and Doe; the Eighth Amendment cruel and unusual punishment claims; and the punitive damages claims.

## A.   THE STANDARD FOR REVIEWING A RULE 12(B)(6) MOTION

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[11]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[12]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[13]  However, conclusory allegations and unwarranted

---

[11]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[12]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[13]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

deductions of fact are not accepted as true,[14] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[15]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[16]   The allegations must be sufficient "to raise a right to relief above the speculative level,"[17] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[18]   "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19]   If the plaintiff fails to

---

[14]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[15]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[16]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[17]     *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[18]     *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[19]     *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[20]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]   "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[23]

## B.   THE CLAIMS AGAINST WILLIS AND DOE

The plaintiff's original complaint asserted claims against Sheriff's Deputy Lawrence Willis and Sheriff's Deputy John Doe.  (Rec. Doc. 1 at 2).  The amended complaint does not include Willis or Doe in the list of defendants (Rec. Doc. 25 at 1-3) nor does it include any factual allegations referencing either Willis or Doe.  There

---

[20]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[21]     *Ashcroft v. Iqbal*, 556 U.S. at 678.

[22]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

[23]     *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556).  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

are no allegations that either of them was personally involved in the incident in which the plaintiff was allegedly injured or that their actions caused the incident.  A Section 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation.[24]  There are no facts in the amended complaint relating the incident complained about to Willis or to any other sheriff's deputy who might be the John Doe referenced in the original complaint.  Accordingly, this Court finds that the amended complaint does not state a plausible claim against Willis or Doe, either in their individual capacities or in their official capacities.  Furthermore, the plaintiff does not object to the dismissal of his claims against Willis and Doe.  (Rec. Doc. 42 at 4, n. 1).  Therefore, to the extent that any claim against Willis or Doe survived the amendment of the complaint, it is recommended that the motion to dismiss be granted and any such claim be dismissed.

## B.   THE PUNITIVE DAMAGES CLAIM

The plaintiff's amended complaint seeks the imposition of punitive damages on all of the named defendants.  A Section 1983 claim against a Louisiana sheriff in

---

[24]      *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012).

his official capacity "is 'in essence' a suit against a municipality,"[25] and the United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action."[26]   "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983."[27] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[28]   Therefore, the plaintiff is barred from recovering punitive damages against a defendant acting in his official capacity.  On the other hand, however, the United States Supreme Court has recognized that punitive damages are recoverable against municipal employees sued in their individual capacities.[29]   Therefore, it is recommended that the motion to dismiss should be granted as to the plaintiff's

[25]    *Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005)); *Williams v. Gusman*, No. 15-64, 2015 WL 4509762, at *2 (E.D. La. July 24, 2015).  See, also, *Bouchereau v. Gautreaux*, No. 14-805-JWD-SCR, 2015 WL 5321285, at *13 (M.D. La. Sept. 11, 2015); *Jordan v. Prator*, No. 11-0723, 2013 WL 4094336, at *5 (W.D. La. Aug. 13, 2013).

[26]    *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981).

[27]    *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)).

[28]    *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[29]    *Smith v. Wade*, 461 U.S. 30, 35 (1983).

official-capacity claims against Neustrom and Reardon but denied with regard to the plaintiff's individual-capacity claims against them.

## C.   THE EIGHTH AMENDMENT CLAIM

The plaintiff's fundamental claim is that the Defendants failed to protect him from harm while he was incarcerated.  "[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement."[30]  In this case, the plaintiff contends that he does not know whether his claim arises under the Eighth Amendment or the Fourteenth Amendment because he does not know whether he was a pretrial detainee or a convicted prisoner when the alleged attack occurred.  Therefore, he asserted alternative claims under both of those constitutional provisions.

The Defendants argue that the Eighth Amendment claim should be dismissed because the plaintiff was a pretrial detainee at the relevant time.  Although there are no factual allegations in the amended complaint addressing this issue ,and the plaintiff argues that discovery is needed in order to resolve the issue, this Court finds it implausible that the plaintiff would not know whether he was a pretrial detainee or a convicted criminal on October 24, 2014; implausible that the plaintiff's attorney

---

[30]      *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996).

failed to ascertain that information before filing the original complaint; and implausible that the plaintiff's attorney failed to ascertain that information before filing the amended complaint.

The Defendants suggest, without presenting any supporting evidence, that the plaintiff pleaded guilty only after the date on which he was allegedly attacked in jail. (Rec. Doc. 43 at 3).  If evidence had been presented by the defendants in support of that contention, the evidence would have been beyond the scope of the amended complaint and, consequently, could not have been considered by this Court with regard to the pending motion to dismiss.  However, absent any evidence in the record establishing that the plaintiff was convicted of a crime before the date of the incident, there is no basis on which this Court can conclude that the plaintiff does not have an Eighth Amendment claim.  Accordingly, it is recommended that, to the extent that the Defendants seek dismissal of the Eighth Amendment claim, their motion to dismiss should be denied.

### D.   THE OFFICIAL CAPACITY CLAIMS

The plaintiff sued Neustrom and Reardon in their official capacities and also in their individual capacities.  In the pending motion, the Defendants argue that the official-capacity claims against Reardon should be dismissed but they do not argue that the official-capacity claims against Neustrom should be dismissed.

-14-

The plaintiff contends that Neustrom and Reardon created and maintained customs or practices that resulted in the plaintiff's injuries and the deprivation of his constitutional rights due to their failure to protect prisoners in the jail, overcrowding and understaffing the jail, the unsafe structure of the jail, and the faulty locking mechanisms in the jail.  (Rec. Doc. 25 at 7).  The plaintiff contends that Neustrom and Reardon were both policymakers (Rec. Doc. 25 at 8, 10), although he alleges that one or the other was the "final policymaker" (Rec. Doc. 25 at 9, 11, 12, 13), with Neustrom being the sheriff and Reardon being the director of the jail.  Under Louisiana law, however, the sheriff is the chief law enforcement officer in the parish and, consequently, is the final policymaker.[31]  The plaintiff further alleges that Reardon was an employee of the Lafayette Parish Sheriff's Office.  This Court therefore finds that Neustrom was the final policymaker for the Lafayette Parish Correctional Center at all relevant times.

A judgment rendered in a Section 1983 lawsuit against an official in his official capacity imposes liability against the entity that the individual represents.[32]

---

[31]    *Craig v. St. Martin Parish Sheriff*, 861 F.Supp. 1290, 1301 (W.D. La. 1994) (citing La. Const. Art. 5, § 27 ("[The sheriff] shall be the chief law enforcement officer in the parish.") and citing La. R.S. 33:5539 [formerly La. R.S. 33:1435] ("Each sheriff shall be keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders."))

[32]    *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

-15-

Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[33]  In this case, Neustrom – the Lafayette Parish sheriff – is a defendant in the litigation.  Therefore, the official-capacity claim against Reardon is actually a claim against Neustrom.  In similar circumstances, courts in this circuit have found it is appropriate to dismiss official-capacity claims.[34]

In keeping with this principle, this Court finds that the plaintiff's claims against Reardon in his official capacity are redundant of the claims asserted against the sheriff.  Accordingly, it is recommended that the Defendant's motion be granted with regard to the official-capacity claims against Reardon and that those claims be dismissed.

## E.    THE INDIVIDUAL CAPACITY CLAIMS

The Defendants argue that the individual-capacity claims against Neustrom and Reardon should be dismissed because they are entitled to qualified immunity.  In order to assert a valid claim against an official in his individual capacity, a Section

_____

[33]    *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[34]    See, e.g., *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261(5th Cir. 1996).

1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation.[35]   Supervisory officers such as Neustrom and Reardon cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only their direct acts or omissions will give rise to individual liability.[36]  The amended complaint lacks any factual allegations against Neustrom and Reardon that identify any act or omission that might support a finding of their personal involvement in the incident in which the plaintiff was allegedly injured.  Alternatively, however, a supervisory official may be liable under Section 1983 if he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[37]  To support individual liability on the part of supervisory personnel such as Neustrom or Reardon, such a policy must itself be a repudiation of constitutional rights and also the moving force behind the constitutional violation.[38] It appears that this is the tack the plaintiff is taking in this lawsuit, alleging that the policies – understaffing the jail, overcrowding the jail, failing to repair the cell locks,

---

[35]     *Jones v. Lowndes County, Miss.*, 678 F.3d at 349.

[36]     *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).

[37]     *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Alton v. Texas A & M*, 168 F.3d at 200.

[38]     *Thompkins v. Belt*, 828 F.2d at 304.

and improperly using the jail facility – were so deficient that those policies themselves deprived the plaintiff of constitutional protections.   To establish supervisor liability in such a situation, it is necessary to establish that the supervisor acted with deliberate indifference to the plaintiff's constitutionally protected rights.[39] Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action."[40]

In this case, the plaintiff contends that either Reardon or Neustrom was the Lafayette Parish Sheriff's Office official who created and implemented policies governing the Lafayette Parish Correctional Center; that Neustrom and Reardon knew about the jail's faulty locks, overcrowding, understaffing, and improper use of the physical jail facility; that these conditions were causally related to the alleged attack on the plaintiff; that Neustrom and Reardon failed to take any action to correct the problems at the jail; and that Neustrom and Reardon therefore were deliberately indifferent to the jail conditions.   While there is not as much factual detail set forth in the plaintiff's amended complaint as might be ideal, the plaintiff's allegations are sufficient to state a plausible claim against Neustrom in his individual capacity as the

---

[39]      *Alton v. Texas A & M*, 168 F.3d at 200.

[40]      *Porter v. Epps,* 659 F.3d 440, 447 (5th Cir. 2011) (quoting *Connick v. Thompson,* 563 U.S. 51, 61 (2011)).

policy maker for the jail.  On the other hand, and as noted above, the plaintiff alleged that Reardon was an employee of the Lafayette Parish Sheriff's Office.  As also noted above, the sheriff is the final policy maker for each parish jail.  Accordingly, this Court finds that the plaintiff has not stated a plausible individual-capacity claim against Reardon and recommends that any such claim be dismissed.

The Defendants argue that Neustrom and Reardon are entitled to qualified immunity with regard to the individual-capacity claims asserted against them.  This Court's finding that the plaintiff has not stated a plausible individual-capacity claim against Reardon moots the argument that he is entitled to qualified immunity.  However, that defense must be considered with regard to Neustrom.  "Qualified immunity questions should be resolved 'at the earliest possible stage in the litigation.'"[41]  Therefore, it is appropriate that this issue be taken up in connection with the pending motion to dismiss.

"Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right."[42]  Thus, it protects "all but the plainly incompetent or those who knowingly violate the law."[43]  Once a defendant asserts the

---

[41]     *Porter v. Epps*, 659 F.3d at 445 (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

[42]     *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003).

[43]     *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

-19-

qualified immunity defense, "[t]he plaintiff bears the burden of negating qualified immunity."[44]   To overcome qualified immunity, the plaintiff must show that the official violated a statutory or constitutional right, and that the right was clearly established at the time of the challenged conduct.[45]   Despite this burden-shifting, all reasonable inferences must be drawn in the plaintiff's favor.[46]

"[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm. . . alleged and that defeat a qualified immunity defense with equal specificity."[47]   The plaintiff in this case cannot meet that standard because he has not demonstrated that Neustrom was deliberately indifferent to the plaintiff's safety during his incarceration.   Deliberate indifference is a lesser form of intent rather than a heightened type of negligence,[48] and the "deliberate indifference standard is a high

---

[44]      *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

[45]      *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

[46]      *Brown v. Callahan*, 623 F.3d at 253.

[47]      *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Employment Services*, 41 F.3d 991 (5th Cir. 1995)).

[48]      *Whitley v. Hanna*, 726 F.3d at 641.

one."[49]  In order to have been acting with deliberate indifference, Neustrom must have known of and disregarded an excessive risk to the plaintiff's health or safety.[50] Neustrom's actual knowledge is critically important because a failure to alleviate a significant risk that he should have perceived but did not perceive does not rise to the level of deliberate indifference.[51]  A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[52] "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."[53]  Many of the allegations set forth in the amended complaint are conclusory in nature, some of them are significantly attenuated in time from the incident underlying this lawsuit, and there is a paucity of facts supporting the plaintiff's allegation that Neustrom was deliberately indifferent to his safety.  Accordingly, this Court finds that the plaintiff

---

[49]     *Whitley v. Hanna*, 726 F.3d at 641 (quoting *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998)).

[50]     *Whitley v. Hanna*, 726 F.3d at 641.

[51]     *Whitley v. Hanna*, 726 F.3d at 641.

[52]     *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

[53]     *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997).

has not demonstrated that Neustrom is not entitled to qualified immunity with regard to the claims asserted against him in his individual capacity.  For that reason, this Court recommends that the Defendant's motion be granted with regard to those claims, and the individual-capacity claims against Neustrom be dismissed.

## CONCLUSION

For the reasons explained above, this Court recommends that the motion to dismiss and motion to strike (Rec. Doc. 39), which was filed on behalf of defendants Neustrom, Reardon, and Willis, be GRANTED IN PART and DENIED IN PART. More particularly, this Court recommends that:

- the motion to strike be GRANTED with regard to Paragraphs 25, 26, and 102 through 108 of the amended complaint and DENIED with regard to all other paragraphs of the amended complaint, and that Paragraphs 25, 26, and 102 through 108 be stricken from the amended complaint;

- the motion to dismiss be GRANTED with regard to any claims asserted in the amended complaint against defendants Willis or Doe and those claims be dismissed without prejudice;

- the motion to dismiss the plaintiff's punitive damages claims be GRANTED with regard to the plaintiff's official-capacity claims against Neustrom and Reardon and those claims be dismissed with prejudice;

- the motion to dismiss be GRANTED with regard to the official-capacity claims against Reardon and those claims be dismissed without prejudice;

- the motion to dismiss the individual-capacity claims against Reardon be DENIED AS MOOT and those claims be dismissed without prejudice;

-22-

- the motion to dismiss the individual-capacity claims against Neustrom be GRANTED and those claims be dismissed without prejudice; and

- the motion to dismiss be DENIED in all other respects.

Signed at Lafayette, Louisiana on this 14th day of December 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE